**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

ROBERT ELMORE; JEREMY CHRISTOPHER;
TED DIBIASE, JR.; NICHOLAS COUGHLIN;
DOFFLIN, LLC, DOING BUSINESS AS DOFFLIN
MEDIA GROUP, DOFFLIN MANAGEMENT, LLC,
AND DOFFLIN STRATEGIES                                                    PLAINTIFFS


VERSUS                                        CIVIL ACTION NO. 3:17-CV-173 TSL-LRA


LYLE HOWRY, RICHARD CRAIG MANLEY,
INDIVIDUALLY, AND ANDRE GORDON,
INDIVIDUALLY AND AS OWNERS OF ACRE
BEYOND THE RYE, LLC; SKINFLY ENTERTAINMENT;
LYLE HOWRY, INDIVIDUALLY, AND AS
OWNER OF SKINFLY ENTERTAINMENT;
CHRIS DOTSON, INDIVIDUALLY, AND AS
THE MANAGER OF CINEVIEW 3D STUDIOS, LLC;
AND JOHN DOES 1-10                                                       DEFENDANTS


**ANSWER, AFFIRMATIVE DEFENSES OF ANDRE HOWRY**

COMES NOW Defendant LYLE HOWRY, hereinafter sometimes referred to as "Howry", by and through counsel, and in response to the Complaint would show unto this Honorable Court as follows:


**MOTION TO DISMISS**

Defendant Howry respectfully moves this Court for an Order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiffs' Complaint is a "shotgun pleading" which names at least eight Defendants, plus an unknown number of John Does.  Plaintiffs lump together broad allegations against all such defendants and in each Count incorporate all previous

allegations in each Paragraph of the Complaint.  Plaintiffs do not properly distinguish the alleged wrongs committed by each individual defendant in each Count, but instead refer to all Defendants jointly.  All counts incorporate by reference all prior allegations of the Complaint, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions.  "Accordingly, the complaint is a quintessential shotgun pleading subject to dismissal pursuant to Rule 12(b)(6)."  See *Sahlein v. Red Oak Capital, Inc.,* No. 3:13-CV-00067-DMB-JMV, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014).

Defendant Howry further respectfully moves this Court for an order dismissing this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted to the extent that Howry is named in any claim or count solely by reason of his status as a member of Acre Beyond the Rye, LLC.   No member or manager of a limited liability company is obligated personally for any debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.  *See* Miss. Code Ann. § 79-29-311(1) (Supp.2011). Members of a limited liability company are not proper parties to an action against the company.  *See* Miss. Code Ann. § 79-29-311(2) (Supp.2011).  *Grand Legacy, LLP v. Gant*, 66 So.3d 137 (Miss. 2011).   As to all such counts and claims, Howry asks the Complaint against him be dismissed.

In addition, or in the alternative, Count VII of the Complaint – *Fraudulent Misrepresentation* - and all other fraud claims against this Defendant should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) in that Plaintiff failed to plead fraud with requisite particularity.  *Hoffman v. L & M Arts,* 838 F.3d 568,

577 (5th Cir. 2016) Plaintiffs' blanket allegations of allegedly fraudulent statements numbered (1) through (10) in Paragraph 61 of the Complaint fail to identify with particularity which such statements, if any, were allegedly made by Howry, sufficient to advise him of the basis upon which the allegations of fraud against him are made.   Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to allege the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Baldwin v. Laurel Ford Lincoln-Mercury, Inc.*, 32 F. Supp. 2d 894, 900 (S.D. Miss. 1998).  The particularity requirement of Fed. R. Civ. P.  9(b) is not satisfied when the plaintiff makes global allegations against multiple defendants without identifying which defendants allegedly misrepresented what.  See *Sahlein*, Id., at *5.  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.2003) Where a plaintiff fails to plead fraud with requisite particularity pursuant to Fed. R. Civ. P.  9(b), his complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P.  12(b)(6).

## <u>MOTION FOR MORE DEFINITE STATEMENT</u><br><u>PURSUANT TO FED. R. CIV. P. 12(e)</u>

In the alternative, should the Court decline to dismiss Plaintiffs' Complaint and/or fraud claims, Howry respectfully moves this Court for an order pursuant to Rule 12 (e) of the Fed. R. Civ. P. directing Plaintiffs to provide and identify exactly which statements were allegedly made by Howry, and otherwise state with particularity the "who, what, when, where, and how circumstances" constituting the fraud Plaintiffs allege to have been committed by Lyle Howry, separate and distinct from any other Defendant.  The vague and ambiguous conclusory allegations of the Complaint fail to

3

identify those statement(s) allegedly made by Howry, as opposed to any other Defendant. Statements or representations generally alleged to have been made by unidentified "Defendants" are insufficient to allow Howry to properly respond and defend against.

Without waiver of his herein above stated Motions and in the event these Motions are denied, Howry would further respond as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Howry for either compensatory or punitive damages upon which relief can be granted and should be dismissed pursuant to Miss. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Any claims by the Plaintiffs for fraud and/or misrepresentation should be dismissed for failure to plead with particularity the circumstances constituting the alleged fraud and/or misrepresentation by Defendant Howry.

## THIRD AFFIRMATIVE DEFENSE

Except as otherwise specifically admitted herein Howry denies any contract or agreements as alleged exist or ever existed between him and any Plaintiff, and thus denies any privity of contract between or among him and any named Plaintiff.

4

## FOURTH AFFIRMATIVE DEFENSE

One or more of the alleged contracts or instruments sought to be enforced by Plaintiffs is unconscionable and/or usurious in the relief sought and therefore unenforceable in whole or in part

## FIFTH AFFIRMATIVE DEFENSE

Any damages as may have been sustained by Plaintiffs were not proximately caused by the actions or conduct of Howry.

## SIXTH AFFIRMATIVE DEFENSE

As to all counts and claims alleging negligence by Howry, or by any person or entity for which Howry is sought to be held liable, should the facts in this case establish that the Plaintiffs were negligent with respect to their behavior and/or conduct, and should it be established that such negligence, if any, was the sole proximate cause of the injuries and damages alleged by Plaintiffs, then Plaintiffs may not recover therefor.

Alternatively, if such negligence, if any, constituted a proximate contributing cause to any damages of Plaintiffs, if any, then in such event Howry avers that the injuries and damages should be reduced in proportion thereto.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of *Waiver, Estoppel*, and *Unclean Hands*.

## EIGHTH AFFIRMATIVE DEFENSE

Howry would affirmatively allege that if Plaintiffs' suffered damage as alleged, which is specifically denied, then the same resulted solely from acts or omissions of persons or entities over whom Howry had no control and for which Howry is neither liable nor responsible.  Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs have not specifically stated their special damages, if any, as required by Fed. R. Civ. P. 9(g). Accordingly, they are barred from recovering any such damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for non-economic damages is subject to and limited by Miss. Code Ann. §§ 11-1-60(1) (a) through (c) (1972, as amended).

## ELEVENTH AFFIRMATIVE DEFENSE

Howry pleads all rights to set-off and credit available under state law.

## TWELFTH AFFIRMATIVE DEFENSE

Alternatively, Howry would affirmatively state that to the extent Plaintiff alleges such, joint and several liability has been abolished in Mississippi; therefore, Howry pleads the apportionment of damages as set forth in the provisions of Miss. Code Ann. § 85-5-7 (Supp. 1994).

## OTHER DEFENSES

Howry reserves the right to assert other Defenses which may be disclosed in discovery as discovery proceeds in this matter.  Further, Howry asserts all Defenses raised by any other Defendant herein to the extent the Defenses are consistent with Howry's denial of liability.

## ANSWER

Now, in response to the individually numbered Paragraphs of the Complaint, Howry responds, by numbered Paragraph of the Complaint, as follows:

### Parties

1.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

2.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

3.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

4.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

5.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

6.      Howry admits he is a resident of Los Angeles County, California.  Howry admits he is the Founder and has done business under the business alias of Skinfly Entertainment.  Howry admits he is engaged in various aspects of the movie and entertainment industry, including some of the positions described in this paragraph of the Complaint.  Howry denies the remaining allegations of this Paragraph of the Complaint.

7.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

8.      Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

9.      Howry admits doing business as Skinfly Entertainment but denies Skinfly Entertainment is doing business in the State of Mississippi.  Howry admits that he

maintains office facilities at the stated address but denies the remaining allegations of this Paragraph of the Complaint.

10.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

11.     Howry denies the allegations of this Paragraph of the Complaint.

12.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

## JURISDICTION AND VENUE

13.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

14.     Howry is without knowledge or information sufficient to form a belief as to the residency of all members of all named limited liability companies in this action, thus cannot admit the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same. Plaintiffs must establish the residency of all members of all limited liability companies for this purpose.

15.     Howry does not deny that ACRE may have engaged in negotiations, purchasing equipment, financing, obtaining certificates and licenses, the producing

9

and/or filming of the motion picture *Acre Beyond the Rye* in the Southern District of Mississippi.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

16.     Howry denies the allegations of this Paragraph of the Complaint.

## UNDERLYING FACTS

17.     Howry denies approaching or being present when any Plaintiff may have been approached on or about July 26, 2015 as alleged.  Howry is therefore without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

18.     Howry admits that on or about July 27, 2015, he may have attended a meeting held at Dofflin's offices in Madison County, Mississippi.  He is uncertain of all persons who were in attendance, in person or by telephone.  He does not deny that during that meeting, Mr. Coughlin and Mr. DiBiase may have been advised that for production and/or filming of The Movie to begin, the Screen Actors Guild (hereinafter "SAG") and the Directors Guild of America (hereinafter "DOA") had to receive the sum of $280,000.00 immediately . Howry denies providing any documents, information, and written or verbal assurances to any persons stating that The Movie had committed funding sources up to $5,000,000.00. Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

19.     Howry denies he provided written and oral assurances and guarantees of the overall funding and viability of The Movie during the meeting that occurred on or about July 27, 2015, or at any other time to any person, including DiBiase, Coughlin, or Dofflin.  Howry further denies making any of the statements or taking any of the actions alleged in the subparagraphs of this paragraph of the Complaint, except to admit that Exhibits 1 through 3 speak for themselves.

20.     Howry denies he provided written and oral assurances and guarantees of the overall funding and viability of The Movie to any person, including DiBiase, Coughlin, or Dofflin.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same except to admit that Exhibit 4 speaks for itself.

21.     Howry denies he provided written and oral assurances and guarantees of the overall funding and viability of The Movie at any time to any person, including DiBiase, Coughlin, or Dofflin.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

22.     Howry admits only that Exhibit 5 speaks for itself.  Howry denies he entered into or breached any separate contract with any Plaintiff.

23.     Howry admits only that Exhibit 6 speaks for itself.  Except as otherwise admitted Howry denies he entered into or breached any separate contract with any Plaintiff.

11

24.     Howry admits only that Exhibit 7 speaks for itself.  Howry denies he entered into or breached any separate contract with any Plaintiff.

25.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

26.     Howry does not deny that Plaintiff Elmore wired $140,000.00 from his bank accounts to SAG and/or DOA for The Movie.  Howry denies he provided written and oral assurances and guarantees of the overall funding and viability of The Movie at any time to any Plaintiff.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

27.     Howry does not deny that Plaintiff Christopher wired $140,000.00 from his bank accounts to SAG and/or DOA for The Movie.  Howry denies he provided written and oral assurances and guarantees of the overall funding and viability of The Movie at time to any Plaintiff.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

28.     Howry admits that on or abut July 30, 2015 filming of The Movie commenced in Madison County, Mississippi.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

29.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

30.     Howry admits that on or about July 30, 2015, Defendant Dotson provided funds to Defendant Acre in the sum of approximately $250,000.00.  Howry denies the remaining allegations of this Paragraph of the Complaint.

31.     Howry admits the allegations of this Paragraph of the Complaint.

32.     Howry admits that on or about January 15, 2016, Defendant Acre received a check issued by the State of Mississippi Department of Finance and Administration in the amount of $32,110.28. Howry admits that on or about January 21, 2016, Defendant ACRE made a payment to Plaintiffs Elmore and Christopher using the said funds. Otherwise, Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same, except to admit that Exhibit 8 speaks for itself.

33.      Howry admits that on or about January 27, 2016, Acre wired a total of $32,110.28 into an account set up by Plaintiffs Elmore and Christopher. Otherwise, Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

34.     Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of this Paragraph of the Complaint and, therefore, denies the same.

35.     Howry denies the allegations of this Paragraph of the Complaint.


**Count I-Breach of Contract as To Plaintiffs Elmore and Christopher**

36.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

37.     Except as may be otherwise admitted herein, Howry denies any valid or binding contract existed between any Plaintiff and Howry at any time.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

38.     Except as may be otherwise admitted herein, Howry denies any valid or binding contract existed between the Plaintiffs and Howry at any time, and thus further denies any breach of contract with any Plaintiff.   Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

39.     Howry denies the allegations of this Paragraph of the Complaint.

**Count II-Breach of Contract**
**as To Plaintiffs DiBiase, Coughlin, and Dofflin**

40.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

41.     Howry denies any valid or binding contract existed between DiBiase, Coughlin, Dofflin and Howry at any time.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

42.     Howry denies any valid or binding contract existed between DiBiase, Coughlin, Dofflin and Howry at any time, and thus further denies any breach of contract with any Plaintiff.   Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

43.     Howry denies the allegations of this Paragraph of the Complaint.

**Count III-Bad Faith and Tortious Breach of Contract**
**as To Plaintiffs Elmore and Christopher**

44.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

45.     Except as may be otherwise admitted herein, Howry denies any valid or binding contract existed between any Plaintiff and Howry at any time.  Howry denies any wrong, insult, interference with contract and/or abuse of any kind as alleged. Howry further denies any so-called bad faith in any matter.  Howry is without

15

knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

46.    Except as may be otherwise admitted herein, Howry denies any valid or binding contract existed between any Plaintiff and Howry at any time, and thus further denies any breach of contract with any Plaintiff. Howry denies any duty of conduct or care whatsoever to any Plaintiff.   Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

### Count IV-Bad Faith and Tortious Breach of Contract
### As To Plaintiffs DiBiase. Coughlin, and Dofflin

47.    Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

48.    Howry denies any valid or binding contract existed between DiBiase, Coughlin, Dofflin and Howry at any time.  Howry denies any wrong, insult, interference and/or abuse of any kind.  Howry further denies any so-called bad faith in any matter. Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

49.    Howry denies any valid or binding contract existed between DiBiase, Coughlin, Dofflin and Howry at any time, and thus further denies any breach of contract with said Plaintiffs. Howry denies any duty of conduct or care whatsoever to DiBiase,

Coughlin, and Dofflin.   Howry denies DiBiase, Coughlin, and Dofflin have suffered any damages as alleged in this paragraph of the Complaint. Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

### Count V-Breach of Duties of Good Faith and Fair Dealing

50.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

51.     Many of the allegations of this Paragraph of Plaintiffs' Complaint appear to contain legal conclusions to which a response by Howry is not warranted. To the extent a response is necessary, out of an abundance of caution Howry would deny the allegations of this Paragraph of the Complaint to the extent they are contrary to established Mississippi law, and not subject to one or more of the Defenses asserted herein.  Howry further denies any valid or binding contract existed between any Plaintiff and Howry at any time except as may otherwise be admitted herein.   Howry denies any breach, wrong, insult, interference and/or abuse of any kind, or any violation of any standards of decency or fairness.  Howry affirmatively states that he has acted at all times in a manner consistent with any justified expectations of any persons.  Howry further denies any duty of care to any Plaintiff whatsoever, regardless of context; and further denies any so-called bad faith in any matter.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

52.     Howry denies the allegations of this Paragraph of the Complaint.

## **Count VI-Negligent Misrepresentation**

53.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

54.     Howry denies the allegations of this Paragraph of the Complaint, and further Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff.

55.     Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

56.     Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff, and denies any relationships with any Plaintiff.  Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

57.     Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff, affirmatively states that he exercised all diligence and expertise as was required of him at all times, and denies any duty or breach of any duty to any Plaintiff as alleged in this Paragraph of the Complaint.   Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

58.     Howry denies the allegations of this Paragraph of the Complaint.

59.     Howry denies the allegations of this Paragraph of the Complaint.

## Count VII-Fraudulent Misrepresentation

60.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

61.     Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff. Howry specifically denies making any of the alleged statements attributed to one or more Defendants in this paragraph of the Complaint. Howry is without knowledge or information sufficient to form a belief as to the truth or accuracy of any remaining allegations of this Paragraph of the Complaint and, therefore, denies the same.

62.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

63.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

64.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

65.     Howry denies making any misrepresentations and/or omissions of fact to any Plaintiff.

66.     Howry denies making any false representations to any Plaintiff; Howry further denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

67.     Howry denies making any false representations to any Plaintiff and the allegations of this Paragraph of the Complaint insofar as they relate to him.

68.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count VIII -Promissory Estoppel

69.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

70.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

71.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

72.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

73.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count IX-Equitable Estoppel

74.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

75.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

76.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

77.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count X—Negligence

78.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

79.     Howry denies assuming or being under any duty to any Plaintiff; Howry acted at all times in a manner consistent with reasonable care and consistent with industry practice and standards and due care in all matters and things.

80.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count XI-Negligent Infliction of Emotional Distress

81.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

82.     Howry denies owing any duty which has been breached to Plaintiffs Elmore, Christopher, DiBiase, and Coughlin.  Howry affirmatively states however, that at all times, and in all things he acted with reasonable care and prudently, and at no time caused or inflicted emotional distress on Plaintiffs Elmore, Christopher, DiBiase, and Coughlin.  Howry denies the remaining allegations of this Paragraph of the Complaint insofar as they relate to him.

83.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

84.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count XII-Outrage

85.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

86.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

87.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

22

## **Count XIII-Tortious Interference with Business Relations**

88.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

89.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

90.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

91.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

92.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

93.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## **Count XIV-Unjust Enrichment**

94.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

95.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

96.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Count XV-Punitive Damages

97.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

98.     Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Joint and Several Liability

99.     Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

100.    Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Damages

101.    Howry adopts and incorporates his responses to the foregoing Paragraphs of the Complaint herein.

102.    Howry denies the allegations of this Paragraph of the Complaint insofar as they relate to him.

## Jury Demand

103.     This Paragraph of the Complaint requires no response of this Defendant.

## PRAYER FOR RELIEF

104.     Howry denies any and all allegations in this Paragraph of the Complaint and all relief requested therein.

To the extent any allegations of the Complaint are not expressly admitted, they are hereby denied in their entirety.

WHEREFORE, PREMISES CONSIDERED, having fully answered the allegations of the Complaint, and having raised and preserved its Affirmative Defenses thereto, Defendant LYLE HOWRY prays that that all claims of Plaintiffs be dismissed with prejudice, with all costs imposed on Plaintiffs.

Respectfully submitted,

LYLE HOWRY, Defendant

By:  /s/ James C. Simpson, Jr.
         James C. Simpson, Jr.
         MSB# 6810, his attorney

James C. Simpson, Esq.
**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:    (228)  867-7141
Facsimile:    (228)  867-7142
jcs@wisecarter.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by causing a copy of same to be filed using the Court ECF system, which forwarded notice to all counsel of record as follows:

Graham P. Carner, Esq.
**GRAHAM.P. CARNER, PLLC**
775 N. Congress Street
Jackson, MS  39202

Rocky Wilkins, Esq.
**ROCKY WILKINS LAW FIRM, PLLC**
Post Office Box 277
Jackson, MS 39207

Ben Wilson, Esq.
**MORGAN & MORGAN, P.A.**
4450 Old Canton Road, Suite 200
Jackson, MS  39211

ATTORNEYS FOR PLAINTIFFS

Respectfully submitted this the 19th day of April, 2017.

By:  /s/ James C. Simpson, Jr.
James C. Simpson, Jr. (MSB# 6810)

James C. Simpson, Esq.
**WISE CARTER CHILD & CARAWAY, P.A.**
1105 30th Avenue, Suite 300
Gulfport, Mississippi 39501
Telephone:    (228)  867-7141
Facsimile:    (228)  867-7142
jcs@wisecarter.com